United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued April 22, 2002 Decided June 14, 2002 

 No. 01-3005

 United States of America, 
 Appellee

 v.

 Michael Jonathan Booze, 
 Appellant

 Appeal from the United States District Court 
 for the District of Columbia 
 (No. 89cr00160-24)

 A. J. Kramer, appointed by the court, argued the cause and 
filed the briefs as amicus curiae on behalf of appellant.

 Michael Jonathan Booze, appearing pro se, was on the 
briefs for appellant.

 David B. Goodhand, Assistant U.S. Attorney, argued the 
cause for appellee. With him on the brief were Roscoe C. 

Howard, Jr., U.S. Attorney, John R. Fisher, Mary-Patrice 
Brown, Stephen M. Campbell, and William J. O'Malley Jr., 
Assistant U.S. Attorneys.

 Before: Ginsburg, Chief Judge, and Henderson and 
Rogers, Circuit Judges.

 Opinion for the Court filed by Chief Judge Ginsburg.

 Ginsburg, Chief Judge: An inmate serving a 171/2-year 
sentence filed a s 2255 motion alleging, among other things, 
that his attorney caused him to reject a plea offer with a five-
year sentence by advising him erroneously that he would be 
sentenced to less than five years if he went to trial and was 
convicted. The Government opposed the motion solely on the 
erroneous ground that such advice does not constitute ineffec-
tive assistance of counsel unless the attorney failed to make a 
good-faith estimate of the likely sentence, of which there was 
no evidence. The district court denied the s 2255 motion on 
that ground. On appeal, the Government acknowledges its 
error and asks the court to remand the case for the district 
court to determine, after an evidentiary hearing, whether 
such a plea offer was in fact made. Over the appellant's 
objection, we follow the course urged by the Government.

 I. Background

 In 1989 Michael Booze and his two brothers were indicted 
for their role in a large drug conspiracy run by Marcos 
Anderson. For a full account, see United States v. Anderson, 
39 F.3d 331 (D.C. Cir. 1994). For present purposes it mat-
ters only that, according to Booze, the Government offered to 
recommend a five-year prison sentence for him if he and each 
of his brothers would enter a guilty plea. Booze alleges that 
his brothers wanted to accept the offer but that his attorney, 
Achim Kriegsheim, caused him to reject it. Kriegsheim 
allegedly told Booze that if he went to trial and was convicted, 
then he would be sentenced to less than five years. So Booze 
went to trial, was convicted, and ultimately was sentenced to 
171/2 years.*

__________
 * The district court initially sentenced Booze to 22 years but 
reduced the sentence after this court instructed it to attribute to 

 Booze then filed a s 2255 motion, claiming among other 
things that Kriegsheim's misadvising him of the consequences 
of rejecting the plea offer deprived him of his right to 
effective assistance of counsel, as guaranteed by the Sixth 
Amendment to the Constitution of the United States. The 
Government opposed the motion, arguing only that "assuming 
that the defendant is correct about the terms of the plea offer 
and about his lawyer's sentencing prediction, there is no 
evidence that his lawyer did not make a good-faith estimate of 
the defendant's sentence." The district court denied the 
motion on that ground.

 Booze filed a timely appeal. He has submitted a brief pro 
se and is also represented by an amicus curiae, whose partic-
ipation the court invited and to whom the court is grateful.

 II. Analysis

 The amicus contends principally that Kriegsheim's flawed 
advice constituted ineffective assistance of counsel without 
regard to whether he acted in good faith. The Government 
concedes that the district court -- at its urging -- applied the 
wrong legal standard, and asks the court to remand the 
matter to the district court for further factual development.

 An attorney deprives a defendant of his constitutional right 
to representation only if his performance falls below "an 
objective standard of reasonableness" and likely affects the 
outcome of the case. Strickland v. Washington, 466 U.S. 668, 
688, 691-92 (1984). This circuit has held that a lawyer who 
advises his client whether to accept a plea offer falls below 
the threshold of reasonable performance if the lawyer makes 
a "plainly incorrect" estimate of the likely sentence due to 
ignorance of applicable law of which he "should have been 
aware." United States v. Gaviria, 116 F.3d 1498, 1512 (1997).

 The Government, apparently due to its own inexcusable 
ignorance of applicable law, failed in its motion opposing 

__________
Booze only the quantity of cocaine that had been within the "scope 
of the conspiratorial agreement [he] joined." Anderson, 39 F.3d at 
352.

Booze's habeas petition to apprise the district court of the 
standard set forth in Gaviria.* Instead pointing to cases 
from the Seventh Circuit, the Government argued that a 
lawyer's recommendation regarding a plea offer falls below an 
objective standard of reasonableness only if "the lawyer did 
not 'attempt to learn the facts of the case and make a good-
faith estimate of a likely sentence.' " Opposition at 12 (quot-
ing United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 
1999)). The district court unfortunately relied upon the 
reason given by the Government to deny Booze's motion.

 The decision of the district court, based as it is upon the 
wrong legal standard, must be vacated because applying the 
correct legal standard could yield a shorter sentence -- 
assuming, that is, the five-year offer was made. If the offer 
was made and spurned as alleged, then Kriegsheim's advice 
may have caused Booze to be sentenced to 171/2 rather than to 
five years in prison.

 The issue remaining between the parties is whether the 
court should remand the case to the district court for an 
evidentiary hearing to determine whether the Government 
made the alleged plea offer. The amicus resists that course, 
arguing that the Government, by opposing Booze's s 2255 
motion in the district court without ever disputing that it 
made the offer, has waived the factual contention it now seeks 
to raise in an evidentiary hearing. As the amicus points out, 
the Government in its motion in opposition did not argue in 
the alternative, that is, did not suggest that if the court 
rejected its claim that Kriegsheim's performance was reason-
able as a matter of law, then the court should hold an 
evidentiary hearing to determine whether the offer was made.

 The question, then, is whether the Government may be 
heard to ask this court to order an evidentiary hearing even 
though it failed to make that request of the district court. 

__________
 * The omission is all the more egregious because the Government 
cited Gaviria elsewhere in the same section of the motion in which 
it set forth the wrong standard. Apparently government counsel 
either cited the case without reading all of it or knowingly ignored 
its holding.

This court follows "the general rule [that] ... issues and legal 
theories not asserted at the district court level ordinarily will 
not be heard on appeal"; but the court also acknowledges 
that the rule "should not be applied where the obvious result 
would be a plain miscarriage of justice." United States v. 
TDC Mgmt. Corp., No. 01-5150, slip op. at 7 (D.C. Cir. May 3, 
2002); see also Singleton v. Wulff, 428 U.S. 106, 121 (1976); 
Hormel v. Helvering, 312 U.S. 552, 558 (1941). Here the 
Government has indeed presented on appeal an issue -- 
whether Booze was in fact offered the plea he claims -- it did 
not assert before the district court. We shall exercise our 
discretion to consider that issue lest a plain miscarriage of 
justice be the result.

 Consider: Booze is asking us to let him out of prison 
because he would have accepted the alleged plea offer of five 
years if only his lawyer had competently advised him. Sup-
pose no such offer was made? To grant Booze's request 
would be to cut short Booze's 171/2-year sentence due solely to 
the Government's oversight in failing to ask the district court 
in the alternative for an evidentiary hearing. That would be 
an injustice to the public the criminal justice system is 
supposed to serve.

 The other argument advanced by the amicus need not 
detain us long. The amicus maintains that Kriegsheim's 
successor as Booze's attorney also provided him ineffective 
assistance, this time by preparing inadequately for the resen-
tencing hearing required by our earlier remand. The district 
court ruled correctly, however, that Booze failed to demon-
strate that his representation at that hearing was in any way 
prejudicial to him. The amicus suggests only that a better 
prepared lawyer could have argued more effectively that 
some of the drug transactions conducted by Michael Booze's 
brothers should not have been attributed to him. Even a 
better prepared lawyer would have been making an argument 
that runs counter to the law of conspiracy; therefore, he had 
no reasonable prospect of getting Booze a lower sentence. 
See Booze I, 108 F.3d at 384 (labeling Booze's contention 
"that he should not be held accountable for drug amounts 

that he had not personally handled" as "a position that ... 
reflected a lack of familiarity with the principles of conspiracy 
law").*

 III. Conclusion

 For the foregoing reasons, the judgment of the district 
court is reversed. Booze's claim of ineffective assistance of 
counsel with respect to the alleged plea offer is remanded to 
the district court for further proceedings consistent with this 
opinion. In light of the circumstances -- Booze has already 
served twelve years of a sentence that, if his claims are true, 
should have been five years -- the district court should 
conduct such proceedings as soon as possible.

 So ordered.

__________
 * The arguments advanced by Booze in his pro se brief were 
addressed adequately by the district court and do not warrant 
further discussion in a published opinion.